Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of traveling irons similar in all material respects to those the subject of *Greatrex, Limited*, and *J. J. Gavin & Co., Inc.* v. *United States* (33 Cust. Ct. 79, C. D. 1639), the claim of the plaintiffs was sustained.

**No. 58849.**—L. Bamberger & Co. *v.* United States, protests 154805–K and 156152–K (New York).

Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of paper napkins the same in all material respects as those the subject of *Freund Mayer & Co., Inc.* v. *United States* (39 C. C. P. A. 123, C. A. D. 474), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, MARCH 17, 1955

**No. 58850.**—Roseman Enterprises Co. *v.* United States, protest 238438–K (New York).

Opinion by EKWALL, J. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's action, the protest was overruled.

**No. 58851.**—Air Clearance Ass'n, Inc. *v.* United States, protest 229437–K (New York).

Opinion by EKWALL, J. An examination of the record failing to disclose anything that would warrant disturbing the finding of the collector, which was presumptively correct, the protest was overruled.

**No. 58852.**—Roberts, Reilly & Sons *v.* United States, protest 240226–K (New York).

Opinion by EKWALL, J. An examination of the record failing to disclose proof sufficient to overcome the presumption of correctness attaching to the collector's assessment, the protest was overruled.

**No. 58853.**—Schenley Import Corp. *v.* United States, protests 215499–K and 215500–K (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

**No. 58854.**—Marine Tobacco Co., Inc. *v.* United States, protest 240117–K (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained.

**No. 58855.**—Murmac Importing Corp. *v.* United States, protests 193673–K, etc. (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiff was sustained.

**No. 58856.**—Alfred Orlik, Inc., et al. *v.* United States, protests 195376–K, etc. (New York).

Opinion by JOHNSON, J.  In accordance with stipulation of counsel that the merchandise consists of figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the items of merchandise marked with the letter "A" were held dutiable at 20 percent under paragraph 1547 (a), Tariff Act of 1930, and the items marked with the letter "B" at 10 percent under the provision in said paragraph, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T. D. 52373), supplemented by Presidential proclamation (T. D. 52476), for "Works of art * * * statuary, sculptures, or copies, replicas, or reproductions thereof, valued at not less than $2.50."

**No. 58857.**—Alfred Orlik, Inc., et al. *v.* United States, protest 195377–K, etc. (New York).